UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

In the Matter of Arbitration between,                              :

FORALL USA, INC.,                                                   :          Civil Action No.

                    Petitioner,            :          **PETITION FOR ORDER AND**
                                          **JUDGMENT CONFIRMING**
                v.                                  :          **ARBITRATION AWARD**

SARAH LLC, HALA SUBH, SUHAD                              :
ALBASHA, BACHAR HAMAD and AMAR
HAMAD,                                                              :

                Respondents.         :

———————————————————————

## NATURE OF THE PROCEEDING

1.      Petitioner, Forall USA, Inc. ("Forall" or "Petitioner"), hereby seeks an order confirming the Award of Arbitrator dated January 25, 2021 ("Arbitration Award"), in the matter of *Sarah LLC, Hala Subh, Suhad Abasha, Bachar Hamad and Amar Hamad vs. Forall USA Inc.*, American Arbitration Association, Case No. 01-18-0000-6180 (the "Arbitration").  A true and accurate copy of the Arbitration Award is attached as <u>Exhibit A</u> to the accompanying Declaration of Stephen J. Brown, undersigned counsel for Forall, submitted herewith ("Decl. SJB").

2.      The Arbitration Award was rendered by the duly appointed Arbitrator Eugene I. Farber ("Arbitrator") following a four (4) day evidentiary hearing conducted on October 26 to 29, 2020 (via remote means) and post-hearing submissions and argument held on December 22, 2020.

3.      As set forth more fully below, the Petitioner, Forall USA, Inc. ("Forall"), is entitled to judgment confirming the Arbitration Award and directing and ordering the Respondents to this action to satisfy all relief awarded therein, together with an additional award

of attorneys' fees and costs associated with this proceeding and interest to be calculated on all amounts up and through the date of payment.

## PARTIES

4.      Petitioner, Forall USA, Inc., is a New York Corporation and is a wholly-owned domestic subsidiary of Forall Confezioni S.p.A., an Italian designer and manufacturer of well-known high-end men's apparel under the brand Pal Zileri™.

5.      Respondent, Sarah LLC ("Sarah"), is a limited liability company organized under the State of Illinois with a principal office located at 1717 Midwest Club Parkway, Oak Brook, Illinois 60523.

6.      Respondent, Dr. Bachar Hamad, is an individual and resident of the state of Illinois with a residence located at 1717 Midwest Club Parkway, Oak Brook, Illinois 60523.

7.      Respondent, Hala Subh, is an individual and resident of the state of Illinois with a residence located at 1717 Midwest Club Parkway, Oak Brook, Illinois 60523.

8.      Respondent, Dr. Amar Hamad, is an individual and resident of the state of Illinois with a residence located at 1 Andrew Court, Burr Ridge, Illinois 60527.

9.       Respondent, Suhad Albasha, is an individual and resident of the state of Illinois with a residence located at 1 Andrew Court, Burr Ridge, Illinois 60527.

10.      Upon information and belief, Hala Subh, Suhab Albasha, Bachar Hamad and Amar Hamad own, control and otherwise manage Sarah, LLC.

11.      Respondents Hala Subh, Suhab Albasha, Bachar Hamad and Amar Hamad all personally guaranteed the obligations of Sarah, LLC as it relates to the parties' License and Retail Operator Agreement dated March 2011 ("License Agreement").  A copy of the License Agreement is attached to the Decl. SJB at Exhibit B.

2

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this matter pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, and Sections 17.2 and 17.3 of the parties' License Agreement.

13.     Venue is properly laid with the United States District Court for the Southern District of New York pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and 28 U.S.C. § 1391, as well as pursuant to the parties' License Agreement.

14.     There is complete diversity of citizenship between the Petitioner and the Respondents.

## BACKGROUND

15.     The matter arises from a business venture between Forall and Sarah, LLC (and Sarah's principals), for the manufacture, supply and sale of Pal Zileri™ products, goods and apparel.

16.     Although this case proceeded to Arbitration hearing, liability was readily demonstrated in favor of Forall and as against Sarah, given the overwhelming (and uncontroverted) evidence that Sarah and its principals materially breached the multiple contractual agreements with Forall relating to Sarah's ownership, management and operation of the Pal Zileri™ store at the Forum Shops at Caesars Palace in Las Vegas, Nevada ("Forum Shops").

17.     Pursuant to the parties' License Agreement, which was negotiated at arms' length by sophisticated business-people with counsel on both sides of the deal, Sarah and its principals committed to, *inter alia*, open and operate a high-end retail men's clothing store that would sell Pal Zileri clothing and products, manufactured and supplied exclusively by Forall.

*See* License Agreement between Forall and Sarah dated March 19, 2011, at Decl. SJB <u>Exhibit B.</u>

18.     Under the License Agreement, Sarah agreed to purchase a minimum amount of $900,000.00 of Pal Zileri product (clothing and accessories) from Forall each year during the contract term, which was to span ten (10) years.  Decl. SJB Ex. B ¶ 4.2.  Sarah's obligations under the contract were backed by personal guarantees, signed by its principals, Dr. Bachar Hamad, Dr. Amar Hamad, Hala Subh, and Suhad Albasha.

19.     In turn, Forall agreed, *inter alia*, to help fund the build-out and design of the Las Vegas Forum Shop retail space, through discounted product prices, and to provide Sarah with support and a supply of products and goods for sale in Sarah's store.  *See Id.*

20.     Although Sarah and its principals initially opened and operated the Store, it was not long before they failed to meet their contractual obligations and took extraordinary measures to get out from the deal they had negotiated.

21.     As the evidence overwhelmingly demonstrated in this case, Sarah repeatedly breached its contractual obligations to Forall – including but not limited to its ongoing minimum purchase requirements for the term of the agreement and its obligation to maintain the lease and operate the store at the Caesars, Las Vegas location for the full term of the contract.

22.     Eventually, Sarah's breaches culminated in its unilateral decision to voluntarily cancel the lease of the Pal Zileri store (without notice to Forall) and surrender the retail space to the landlord in 2016, while and during the term that Forall was operating the store pursuant to a Management Agreement between Forall and Sarah.

23.    In so doing, Sarah improperly terminated the contract, forced the immediate closing of the store and associated loss and discounting of valuable product, and dramatically exacerbated Forall's damages.  These facts were established at hearing.

24.    The evidence further showed that Forall made multiple and extensive efforts to mitigate its damages throughout the relationship with Sarah.  Ultimately, however, due to the severity of Sarah's breach of the parties' agreements and its bad faith conduct, Forall suffered considerable damages that must be compensated under well-established case law and statutory law.

25.    Although it was Sarah that commenced the underlying Arbitration proceeding as a means of attempting to avoid its contractual obligations and liability to Forall, the record revealed the false nature of Sarah's contentions and claims in this case – and thereby destroyed the Sarah parties' credibility in this proceeding.  Claimants' (Sarah) recitation of the "facts" in their petition and pre-arbitration brief were demonstrably false in numerous material respects.

26.    Moreover, Sarah's legal arguments – including its claims of estoppel, waiver and novation, etc. – failed as a matter of both fact and law.  The evidence at hearing revealed that Sarah had in fact met the minimum purchase requirements under the License Agreement during its operation of the store between 2011 and 2013.  Therefore, Sarah's argument that Forall had somehow waived Sarah's obligation to purchase the $900,000 minimum under the contract found no basis in fact.

27.    Even assuming arguendo that Sarah had not met the minimum purchase obligations, the very terms of the written agreements between Sarah and Forall expressly precluded these arguments of waiver and/or estoppel under New York law.  The unambiguous

terms of the parties' contracts must be enforced, including the provisions addressing: (i) non-waiver, (ii) no oral modification, and (iii) full integration clauses. These provisions, among others, were fatal to Sarah's claims and defenses.

28.     The evidence at the hearing clearly demonstrated that Sarah and the Respondent individual guarantors breached their agreements with Forall and showed a complete disregard for the law and the truth.

29.     Having conclusively established liability at hearing, the issue turned to determining the appropriate measure of damages for the breach by Sarah. This too was also straight-forward under settled New York law and the Arbitrator applied and found the correct measure of damages in this proceeding.

30.     Forall is entitled to the benefit of the bargain and seeks only to recover money that Sarah agreed to pay under the contract – i.e., general and incidental damages under the contract. Forall's entitlement to these "lost profits" under the contract is established under case law and the UCC, which has application to this matter.

31.     Forall established that it was damaged by Sarah's (and its principals') actions in this case and that it is entitled to the full measure of damages sought, including its lost profits under the License Agreement, the incidental costs associated with Sarah's breach, and attorneys' fees, arbitration costs, and interest.

## THE UNDERLYING ARBITRATION PROCEEDING

32.     The Respondents commenced the underlying Arbitration by Demand for Arbitration and accompanying Statement of Facts and Claims dated January 12, 2018, filed with the American Arbitration Association, Case No. 01-18-0000-6180. A copy of the Demand for Arbitration is annexed to the Decl. SJB, at Exhibit C.

33.     Petitioner, Forall, thereafter served and filed an Answer with Counterclaims dated March 16, 2018, in response to the Demand for Arbitration.  *See* a copy of the Answer with Counterclaims and accompanying exhibits at Decl. SJB <u>Exhibit D</u>.

34.     The parties agreed to arbitration as the form of dispute resolution both as set forth and required in Sections 17.2 and 17.3 of the parties' binding License Agreement as well as the fact that the Respondents submitted these claims to the AAA for arbitration and Petitioner consented to same.  *See* License Agreement at Decl. SJB at <u>Exhibit B</u>.

35.     Following the AAA arbitrator selection process, Arbitrator Thomas R. Langan, was appointed on April 27, 2018, to serve as arbitrator of this matter.  *See* Decl. SJB at <u>Exhibit E</u>.

36.     On July 9, 2019, the AAA replaced Thomas R. Langan as arbitrator and appointed Arbitrator Eugene I. Farber, as arbitrator in this matter.  *See* Decl. SJB at <u>Exhibit F</u>.

37.     Arbitrator Farber served as arbitrator for essentially all stages of the arbitration, including discovery, motion practice, hearing and post hearing matters.

38.     A four (4) day evidentiary hearing was conducted before Arbitrator Farber on October 26, 27, 28 and 29, 2020 via Zoom.

39.     The Arbitration was conducted in Westchester County as per the parties' License Agreement.

40.     The parties were represented by counsel at all times during the Arbitration proceeding.

41.     The parties submitted pre-arbitration briefs in advance of the hearing.

42.     At the Arbitration hearing, hundreds of documents were introduced into evidence and multiple witnesses provided testimony, including damages experts for both Forall and Sarah.

43.     A certified copy of the hearing transcript is annexed to Decl. SJB at <u>Exhibit G</u>.

44.     Following the Arbitration hearing, the parties submitted post-arbitration briefs at the direction of the Arbitrator and oral argument was held on December 22, 2020, on several factual and legal issues and the Arbitrator allowed counsel to provide closing arguments.

45.     As set forth in the Arbitration Award dated January 25, 2021, the Arbitrator found, based upon the credibility of the witnesses and his review of the evidence, the following:

    i.   Denied Sarah's claims in their entirety;

    ii.   Forall's counterclaims I through IV were granted and Forall was granted an award in the amount of $2,177,100.0 lost profits, $77,381.00 regarding stranded or devalued inventory, $44,003.00 for expenses in connection with the premature closure of the Las Vegas Store, interest, costs, and attorneys' fees, as more fully specified in the Award. *See* Decl. SJB at <u>Exhibit A</u>.

46.     Mr. Farber was appointed upon consent of all parties to the proceeding. The Award represents a full determination of all claims and counterclaims submitted to Arbitration by the parties.

47.     The Arbitration Award is well-founded and supported by the facts and law in this case and must be confirmed.

## **CONFIRMATION OF THE ARBITRATION AWARD IS PROPER**

48.     The Court has authority to confirm the arbitration Award pursuant to the Federal Arbitration Act ("FAA") 9 U.S.C. § 9.  This Court has jurisdiction over the parties and this matter; the parties agreed by contract to litigate their claims through Arbitration; the parties did in fact arbitrate their differences; the Arbitrator issued an Award in Petitioner's favor; and the parties' contractual agreement states that the Award may be entered and enforced in any state or federal court having competent jurisdiction.

49.     Confirmation of the Award is proper in this case.  "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputesefficiently and avoiding long and expensive litigation." *E.g., Rai v. Barclays Capital Inc.*, 739 F.Supp.2d 364, 370 (S.D.N.Y. 2010), *citing Willemijn Houdstermaatschappij, BV v. Standard Microsystems*, 103 F.3d 9, 12 (2d Cir.1997); *see also, Local 1199, Drug, Hosp. & Health Care Employees Union v. Brooks Drug Co*., 956 F.2d 22, 24 (2d Cir.1992) ("*Local 1199*").

50.     Indeed, so strong is the public policy interest in confirming arbitration awards, the Court of Appeals for the Second Circuit "adhere[s] firmly to the proposition ... that an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a '*barely colorable justification for the outcome reached.*'" *Landy Michaels Realty Corp. v. Local 32B-32J*,954 F.2d 794, 797 (2d Cir.1992); *see also, Local 1199*, 956 F.2d at 25 ("[T]he court is forbidden to substitute its own interpretation even if convinced that the arbitrator's interpretation was not only wrong, but plainly wrong.") (Internal quotations omitted).

51.     Without question, the Award in this proceeding meets the legal standard for confirmation. As demonstrated herein, the Arbitrator was duly appointed by the American Arbitration Association ("AAA") with the parties' consent. The Arbitrator provided ample discovery, an extended evidentiary hearing, extensive post-hearing briefing followed by oral argument.  The Arbitrator applied the law to the facts and rendered the Award against the Respondents accordingly.

## AN ORDER AND JUDGMENT MUST ENTER CONFIRMING THE AWARD

52.     On January 25, 2021, Arbitrator Eugene I. Farber issued a 26-page written decision with the Arbitrator's findings of fact and law arising from the parties' 4-day arbitration held on October 26 – 29, 2020.  A copy of the Award is annexed as Exhibit A to the Decl. SJB.

53.     The Award is a complete and resounding victory for Forall in all material respects relating to the dispute and underlying agreements with the Sarah parties.   The Arbitrator held in Forall's favor on all counts in the case, awarding compensatory damages, attorneys' fees, interest and costs.

54.     Specifically, the Arbitrator awarded the following to Forall:

    a.  Claimants Sarah LLC, Hala Subh, Suhad Albasha, Bachar Hamad and Amar Hamad are jointly and severally liable to and shall pay to Forall USA, Inc.:

        i.  $2,177,100.00 for lost profits;

        ii.  $292,236.00 for interest through February 12, 2020;

        iii.  $145,536.25 for interest at the rate of 9% per annum on the principal amount of $1,730,880.00 (excluding amounts due for 2021 and the

second half of 2020) from February 21, 2020 to the date of this Award;

iv. $16,104.62 in interest at the rate of 9% per annum on the principal amount of $2,177,100.00 from the date of this Award to the date of payment (amount to be determined at date of payment);

v. $121,384.00 for devalued inventory and store closing expenses; plus

vi. $45,404.26 in interest on inventory through 2/25/2021 (to be calculated through date of payment0; plus

vii. 233,767.00 for attorneys' fees;

viii. $7,633.25 for court reporter transcript fees;

ix. $18,500.00 for expert fees;

x. $51,809.39, representing that portion of AAA fees and compensation in excess of the apportioned costs previously incurred and paid by Forall USA, Inc.

xi. Total: $3,109,474.77, plus interest as set forth above.

55.     The total of the Award is $3,109,474.77, calculated as of February 25, 2021.

56.     The Award directs that above sums are to be paid on or before 30 days from the date of the Award.  The amount of the final Award will be calculated through the date of actual payment, plus post-judgment interest.

**FORALL IS ENTITLED TO ADDITIONAL ATTORNEYS' FEES AND COSTS INCURRED IN CONNECTION WITH THIS APPLICATION AS WELL AS <u>ENFORCEMENT OF THE JUDGMENT</u>**

57.     In addition to the foregoing, Forall seeks an award of reasonable attorneys' fees and costs associated with and incurred in this application to confirm the Arbitration Award, together with any fees incurred to enforce the judgment against the Respondents.

58.     Petitioner respectfully requests the opportunity to submit an application for these fees and costs at a later date.

**PRAYER FOR RELIEF
<u>(Confirmation of Arbitration Award)</u>**

59.     Petitioner repeats and realleges each and every allegation contained in the above paragraphs, inclusive, and incorporates them hereby by reference.

60.     Pursuant to the FAA, 9 U.S.C. § 9, this Petition is timely brought within one year of the delivery of the Arbitration Award to Petitioner.

61.     The Arbitration Award has not been vacated, modified or corrected by order of any court of competent jurisdiction and is still in full force and effect.

62.     Pursuant to the FAA, 9 U.S.C. § 9, Petitioner is entitled to judgment confirming the Arbitration Award and directing the Respondents to pay the awarded monies to Petitioner as set forth in the Award.

63.     Petitioner seeks an additional order and judgment from this Court directing Respondents to pay all the Petitioner's costs and attorneys' fees incurred from and since the date of the Award, January 25, 2021, through and to the date of payment and full satisfaction of the Award and judgment by the Respondents.

64.     Petitioner seeks an award of interest on all applicable amounts from the date of the Award, January 25, 2021, through the date of the Judgment.

65.    Petitioner seeks an award of post-judgment interest.

WHEREFORE, Petitioner respectfully requests that this Court enter an Order and Judgment confirming the Arbitration Award as follows and directing Respondents to pay the following to the Petitioner Forall:

1) Sarah LLC, Hala Subh, Suhad Albasha, Bachar Hamad and Amar Hamad are jointly and severally liable to and shall pay to Forall USA, Inc. the sum of $2,177,100.00 (Two Million One Hundred Seventy-Seven Thousand, One Hundred Dollars and 00/100) for lost profits, plus interest in the amount of $292,236.00 (Two Hundred Ninety-Two Thousand Two Hundred Thirty-Six Dollars and 00/100) through February 12, 2020, plus interest at the rate of 9% per annum on the principal amount of $1,730,880.00 (excluding amounts due for 2021 and the second half of 2020) from February 21, 2020 to the date of this Award, plus interest at the rate of 9% per annum on the principal amount of $2,177,100.00 from the date of this Award to the date of payment.

2) Sarah LLC, Hala Subh, Suhad Albasha, Bachar Hamad and Amar Hamad are also jointly and severally liable to and shall pay to Forall the sum of $121,384.00 (One Hundred Twenty-One Thousand Three Hundred Eighty-Four Dollars and 00/100) plus interest at the rate of 9% per annum from January 1, 2017 to date of payment for devalued inventory and store closing expenses.

3) Sarah LLC, Hala Subh, Suhad Albasha, Bachar Hamad and Amar Hamad are jointly and severally liable to and shall pay to Forall the sums of $233,767.00 (Two Hundred Thirty-Three Thousand Seven Hundred Sixty-Seven Dollars and 00/100) for reasonable attorneys' fees plus $7,633.25 (Seven Thousand Six

Hundred Thirty-Three Dollars and 25/100) for court reporter transcript fees and $18,500.00 (Eighteen Thousand Five Hundred Dollars and 00/100) for expert fees.

4)  Denying all of Respondents' Sarah's claims.

5)  Granting Forall's counterclaims I through IV are granted to the extent set forth in the Award;

6)  The administrative fees of the American Arbitration Association totaling $20,450.00 and the compensation of the Arbitrator totaling $74,218.79 shall be borne by Claimants. Therefore, Sarah LLC, Hala Subh, Suhad Albasha, Bachar Hamad and Amar Hamad, jointly and severally, shall reimburse Respondent the sum of $51,809.39, representing that portion of said fees and compensation in excess of the apportioned costs previously incurred and paid by Forall USA, Inc.

7)  Awarding Forall its reasonable attorneys' fees and costs (to be determined) in bringing this application and enforcing the judgment;

8)  Interest under the law; and

9)  Any other such relief that is just and necessary.

Dated:  White Plains, New York
        March 30, 2021

                        BLEAKLEY PLATT & SCHMIDT, LLP


                        By:___/s/ *Stephen J. Brown*_____
                            STEPHEN J. BROWN (SJB4903)
                            *Attorneys for Petitioner*
                            One North Lexington Avenue
                            White Plains, NY 10601
                            Tel. No.: (914) 949-2700

14