```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FORALL USA, INC.,                   :
                                    :
              Petitioner,           :
                                    :     21 Civ. 2721 (VM)
   - against -                      :
                                    :     DECISION AND ORDER
SARAH LLC, HALA SUBH, SUHAD         :
ALBASHA, BACHAR HAMAD, and AMAR     :
HAMAD,                              :
                                    :
              Respondents.          :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2021

**VICTOR MARRERO, United States District Judge.**

On March 30, 2021, petitioner Forall USA, Inc. ("Petitioner" or "Forall") commenced this action against Sarah LLC, Hala Subh, Suhad Albasha, Bachar Hamad, and Amar Hamad (collectively, "Respondents") seeking to confirm an arbitration award. (See "Petition," Dkt. No. 1.) On April 23, 2021, Respondents filed an answer to the Petition, asserting one affirmative defense. (See "Answer," Dkt. No. 17.) Also on April 23, 2021, Respondents filed a cross-petition to vacate the arbitration award. (See "Cross-Petition," Dkt. No. 18.)

Now before the Court are the Petition and Cross-Petition seeking, respectively, confirmation and vacatur of the arbitration award. For the reasons discussed below, Forall's Petition (Dkt. No. 1) is GRANTED, and Respondents' Cross-Petition (Dkt. No. 18) is DENIED.

1

I.  **BACKGROUND**

Petitioner is a subsidiary of an Italian designer and manufacturer of high-end men's apparel. In March 2011, the parties entered an agreement under which Respondents would manufacture, supply, and sell certain of Petitioner's products at a store in Las Vegas, Nevada. The agreement contained various provisions, including a minimum-purchase requirement and an agreement that Respondents would maintain and operate the store in Las Vegas for a ten-year term. However, sales at the store suffered and, in 2016, the lease was terminated. According to Forall, Respondents breached their contractual obligations repeatedly, including by not meeting the minimum-purchase requirements, failing to maintain the store, and improperly terminating the agreement.

After the joint venture failed, Respondents initiated arbitration on January 12, 2018. The parties agreed to resolve the dispute via arbitration, and a four-day arbitration hearing went forward in Westchester County in October 2020. Oral argument was held on December 22, 2020, and an award was issued on January 25, 2021 in favor of Petitioner for $2,850,620.25 plus interest.

II.  **DISCUSSION**

A court reviewing an arbitration award should confirm that award so long as the arbitrator "acted within the scope

2

of his authority" and "the award draws its essence from the agreement." Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992). Even when a Court may believe the arbitrator was incorrect, an award should be confirmed if the decision was within the scope of the arbitrator's authority. See, e.g., United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision.").

One accepted ground for vacatur of an arbitration award is an arbitrator's "manifest disregard of the law." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930, 933 (2d Cir. 1986) (citing Wilko v. Swan, 346 U.S. 427, 436-37 (1953)). Manifest disregard "clearly means more than error or misunderstanding with respect to the law." Id. To establish entitlement to vacatur under this principle, the party challenging an arbitration award "must show that 'a governing legal principle is well defined, explicit, and clearly applicable to the case, and . . . the arbitrator ignored it after it was brought to the arbitrator's attention in a way that assures that the arbitrator knew its controlling nature.'" GMS Grp., LLC v. Benderson, 326 F.3d 75, 81 (2d

3

Cir. 2003) (citations omitted). Judicial inquiry under this standard is "extremely limited." Merrill Lynch, 808 F.2d at 934 ("We are not at liberty to set aside an arbitration panel's award because of an arguable difference regarding the meaning or applicability of laws urged upon it."). And "[a] party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006). Vacatur for manifest disregard is appropriate only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003).

Here, the Court is not persuaded that Respondents have met this high standard. Respondents argue that the arbitrator manifestly disregarded the law by (1) "reject[ing] uncontroverted evidence that Forall agreed not to enforce the [minimum purchase requirement]"; (2) "ignoring the fact that no purchases from Forall were even possible when there no longer existed a store" in awarding lost profit damages; (3) "ignor[ing] Forall's failure to establish lost profits with reasonable certainty"; (4) awarding damages "even though Forall admittedly made no attempt to mitigate its damages after the store closed in August, 2016"; and (5) awarding

4

damages without affording Respondents "an opportunity to be heard on whether those fees were reasonable and necessary." ("Respondents' Br.," Dkt. No. 20, at 2-3.) However, upon review of the arbitration record and the award, the Court does not find any "egregious impropriety" with respect to any of these issues warranting vacatur. Duferco, 333 F.3d at 389.

First, the arbitrator justifiably rejected Respondents' waiver argument based on his finding that Respondents "presented no writings at all to support this defense," and it was "not credible" that such a waiver would have been agreed to at an undocumented meeting. ("Award," Dkt. No. 1-4, at 18.) The Court is unpersuaded by Respondents' argument that these conclusions were contrary to law. Respondents correctly point out that, in some circumstances, a written waiver is not required and "a waiver and estoppel to enforce a contractual provision can be established by *conduct*." (Respondents' Br. at 14.) However, a finding of waiver based on conduct is not always appropriate as a matter of law. See Jefpaul Garage Corp. v. Presbyterian Hosp. in City of N.Y., 462 N.E.2d 1176, 1178 (N.Y. 1984) ("While waiver may be inferred from [conduct] in some circumstances, it may not be inferred, and certainly not as a matter of law, to frustrate the reasonable expectations of the parties embodied in a [written agreement] when they have expressly agreed

5

otherwise."). Instead, whether conduct constitutes a waiver, despite a no-waiver clause, depends on the facts of a particular case. See, e.g., Kamco Supply Corp. v. On the Right Track, LLC, 49 N.Y.S.3d 721, 730 (App. Div. 2017) (concluding that a contractual obligation had been waived by the defendant's conduct despite the no-oral-waiver provision "under the facts presented"). Thus, the arbitrator's conclusion, based on the record of this dispute, that Forall had not waived the minimum-purchase agreement was not contrary to law.

The Court likewise rejects Respondents' challenges to the arbitrator's damages calculation. "[T]he manner of computing damages [i]s for the arbitrator and not for the courts." Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Panama, S. A., 312 F.2d 299, 300 (2d Cir. 1963). Moreover, the arbitrator's damages award here was supported by at least "a barely colorable justification." Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 13 (2d Cir. 1997) ("If there is 'even a barely colorable justification for the outcome reached,' the court must confirm the arbitration award." (citation omitted)); see also Award at 19-21. First, "[l]oss of future profits as damages for breach of contract have been permitted in New York under long-established and precise rules of law."

6

Kenford Co. v. Erie County, 493 N.E.2d 234, 235 (N.Y. 1986). Contrary to Respondents' argument, the fact that the store closed in 2016 does not categorically preclude damages for losses incurred thereafter, as long as those profits are "reasonably certain and directly traceable to the breach." Id. Insofar as Respondents challenge whether this standard was met here, their argument is not that the arbitrator exhibited "manifest disregard for the law," but instead that the arbitrator misapplied the law to the facts, an issue plainly beyond the Court's jurisdiction. See Wallace v. Buttar, 378 F.3d 182, 189–90 (2d Cir. 2004) (explaining that it is the "refusal or neglect to apply a governing legal principle" that constitutes "manifest disregard for the law" and that "[a] federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law" (citations omitted)). Likewise, the arbitrator's findings regarding the store's future profitability involve "fact-intensive" issues that are "beyond the severely limited scope of judicial review for manifest disregard." Wedbush Morgan Sec., Inc. v. Robert W. Baird & Co., 320 F. Supp. 2d 123, 128 (S.D.N.Y. 2004).

Similarly, the Court is unpersuaded that the arbitrator's rejection of Respondents' mitigation argument warrants vacatur of the Award. See Smith v. Positive Prods.,

7

419 F. Supp. 2d 437, 449-50 (S.D.N.Y. 2005) ("The rule of mitigation of damages may not be invoked by a contract breaker as a basis for hypercritical examination of the conduct of the injured party or merely for the purpose of showing that the injured person might have taken steps which seemed wiser or would have been more advantageous to the defaulter." (citations omitted)). Again, absent a showing of "manifest disregard for the law," the arbitrator's decision regarding whether and how to apply mitigation principles will not be disturbed by this Court. See Orion, 312 F.2d at 300 ("[T]he law is clear that an arbitration award based upon a misinterpretation of law or an insufficiency of supporting facts will not be overturned.").

Lastly, the Court finds unavailing Respondents' argument that the arbitrator did not afford them an opportunity to challenge the damages award. To the contrary, the Award notes that Respondents "interposed no challenge or objection" to the request for fees. (Award at 23.) Post-hearing submissions were due on December 14, 2020, and the Award did not issue until January 25, 2021. Accordingly, Respondents had ample time during which to challenge the fees Petitioner had requested. Without more, the Court does not conclude on this record that the arbitrator violated the principle that each side to an arbitration dispute must be given "an adequate

8

opportunity to present its evidence and argument." <u>Tempo Shain Corp. v. Bertek, Inc.</u>, 120 F.3d 16, 20 (2d Cir. 1997) (citation omitted).

### III. ORDER

For the reasons set forth above, it is hereby

**ORDERED** that the petition (Dkt. No. 1) of petitioner Forall USA, Inc. ("Petitioner") to confirm the arbitration award against respondents Sarah LLC, Hala Subh, Suhad Albasha, Bachar Hamad, and Amar Hamad ("Respondents") in the amount of $3,109,474.77 calculated as of February 25, 2021 is **GRANTED**; and it is further

**ORDERED** that the cross-petition (Dkt. No. 18) of Respondents to vacate the arbitration award is **DENIED**; and it is further

**ORDERED** that Petitioner is hereby directed to submit to the Court within five (5) days of the date of this Order a proposed order for an award of attorneys' fees and interest in accordance with the terms set forth in the arbitration award. Respondents shall file any objection thereto within three (3) days; and within three (3) days thereafter, Petitioner shall file any response to Respondents' objection.

**SO ORDERED.**

Dated: New York, New York
       12 August 2021

_____
Victor Marrero
U.S.D.J.