**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2022
```

FORALL USA, INC.,

                Petitioner,

- v -

SARAH LLC, HALA SUBH, SUHAD ALBASHA, BACHAR HAMAD, and AMAR HAMAD,

                Respondents.

**21 Civ. 2721 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On August 12, 2021, the Court granted the petition from Forall USA, Inc. ("Forall") to confirm an arbitration award ("Award") against Sarah LLC, Hala Subh, Suhad Albasha, Bachar Hamad, and Amar Hamad (collectively, "Respondents"). (See "Order," Dkt. No. 30.) The Court also ordered the Petitioner to submit a proposed order for an award of attorneys' fees and interest in accordance with the terms set forth in the arbitration award. Petitioner's counsel, Stephen J. Brown, submitted a declaration for attorneys' fees and interest, along with a proposed order approving the calculations thereof. (See "Brown Moving Decl." Dkt. 34; "Proposed Order," Dkt. No. 33.) The Respondents submitted objections to the Proposed Order, (see "Objection" or "Obj." Dkt. No. 37), and Brown submitted a reply declaration. (See "Brown Reply Decl.," Dkt. No. 37.) For the reasons stated below, the Court

1

approves the Proposed Order but as modified in Brown's Reply Declaration.

## I. BACKGROUND

In March 2011, the parties entered into a license agreement ("License Agreement") under which Respondents would manufacture, supply, and sell certain of Forall's products at a store in Las Vegas, Nevada. (See Order at 2; License Agreement, Dkt. No. 1-5.) The parties' joint venture eventually failed, and Respondents initiated arbitration on January 12, 2018. (See Order at 2.) On January 25, 2021, the arbitrator issued the Award for the Petitioner, after a four-day arbitration hearing in October 2020 and oral argument on December 22, 2020. (See id.; Award, Dkt. No. 1-4.)

The Award granted a variety of damages to Forall, and granted post-Award interest at nine percent per annum on several aspects of the Award. Those damages are as follows:

- $2,177,700 for lost profits ("Principal Award");
- Interest at nine percent per annum on the Principal Award from the date of the Award (January 25, 2021) to the date of payment;
- $292,236 in interest through February 12, 2020;
- Interest at nine percent per annum on the principal amount of $1,730,880 from February 21, 2020 to the date of the Award (January 25, 2021);
- $121,384 for devalued inventory; and

- Interest at nine percent per annum on $121,384 from January 1, 2017 to the payment of the Award.

(See Award at 24.) The Award also granted Petitioner $233,767 in reasonable attorneys' fees, $7,633.25 for court reporter transcript fees, $18,500 for expert fees, and $51,809.39 for costs and fees paid to the American Arbitration Association. (See Award at 24-25.) The Award for attorneys' fees was calculated through December 14, 2020, which is when Forall submitted to the arbitrator Forall's basis for attorneys' fees and costs associated with the arbitration. (See Brown Moving Decl. ¶ 9.)

Forall thereafter commenced this action to confirm the Award. (See Order at 1; "Petition," Dkt. No. 1.) The Petition stated that the "total of the Award is $3,109,474.77, calculated as of February 25, 2021," instead of January 25, 2021, the date of the Award. (Petition ¶ 55.) That total amount included the $311,709.64 in attorneys' fees and litigation costs granted in the Award. (See id. ¶ 54.) The Order confirmed the Award in the amount of $3,109,474.77, and directed Forall to submit a proposed order for attorneys' fees and interest in accordance with the terms of the Award. (See Order at 9.)

On August 18, 2021, Brown submitted his declaration in support of Forall's request for attorneys' fees and costs.

3

(See Brown Moving Decl.) Forall requests the attorneys' fees provided in the Award, but also the attorneys' fees and costs associated with confirming the award, calculated from December 15, 2020, through August 17, 2021. (See id. ¶ 9-10, 40-44.)

Brown's declaration further provides the total hours and billing rates for all of Forall's attorneys during the life of this case: Brown, Vincent W. Crowe, and Susan E. Galváo.[1] (See Brown Moving Decl. ¶¶ 12-22.) Petitioner's counsel also relied on several paralegals, whose billing rates ranged from $125 to $150 per hour. (See id. ¶ 18.) From December 15, 2020 through August 17, 2021, Petitioner's counsel and paralegals spent 119.80 hours on the litigation of this case, which amounted to $54,845.50 in additional attorneys' fees. (See id. ¶¶ 19-20.)

Brown's declaration also provides updated interest calculations. First, Brown clarified that the interest calculations in the Petition were as of January 25, 2021, and not February 25, 2021, as stated in the Petition. (See id. ¶ 45.) Brown attributes this inconsistency to a typographical error but maintains that the Petition's prayer for relief

---

[1] Brown's billing rate increased over the life of the case. His hourly rate was $400 in 2017, $420 in 2018, $430 in 2019, $450 in 2020, and $450 in 2021. (See Brown Moving Decl. ¶ 15.) Crowe's billing rate as of 2020 and 2021 was $450. (See id. ¶ 16.) Galváo's billing rate as of 2021 was $525. (See id. ¶ 17.)

4

states that Forall seeks interest on the applicable amounts of the Award as of January 25, 2021. (See Brown Reply Decl. ¶ 21.) Second, Brown presented revised calculations that were based on the nine percent interest rate pursuant to New York C.P.L.R. § 5004, and were measured through August 17, 2021, the date of Brown's declaration. (See id. ¶ 46.)

## II.   DICUSSION

### A. REASONABLE ATTORNEYS' FEES

Respondents object to the Proposed Order for additional attorneys' fees on the grounds that the License Agreement does not permit Forall to seek attorneys' fees for enforcing the Award. (See Obj. ¶ 2.) Forall asserts that, pursuant to Section 17.4 of the License Agreement, it is entitled to reasonable attorneys' fees for enforcing the Award, in addition to the fees already granted in the Award. (See Brown Moving Decl. ¶ 6-7.) Section 17.4 states that "[i]n the event Forall prevails in any suit to enforce any provision hereof, Forall shall be entitled to receive from [Sarah LLC], in addition to any relief or remedy granted, the costs of bringing such suit, including reasonable attorney fees." (See License Agreement Section 17.4.)

Respondents argue that Section 17.4 is titled "Equitable Relief" and applies to injunctive relief or specific performance, but that Section 17.4 does not apply to fees

5

attributable to enforcing an arbitration award. (See Obj. ¶ 2.) Respondents contend that Section 17.2 of the License Agreement governs the full extent to which a party is entitled to attorneys' fees related to enforcing an arbitration award. (See id.) Section 17.2 states, in relevant part:

> If either party brings legal action to vacate or modify the arbitrator's(s') award and such party does not prevail, such party will pay all costs and expenses, including attorney's fees, incurred by the other party in defending such action. Such costs and expenses will also be assessed against the petitioning party who does not prevail in any subsequent appellate action.

(License Agreement Section 17.2.)

Respondents note that they cross-petitioned to vacate or modify the Award at the outset of this case. (See Obj. ¶ 3.) Forall defended itself against Respondents' cross-petition and ultimately prevailed. (See Obj. ¶ 3; Order at 9.) As a result, Respondents concede that Section 17.2 entitles Forall to attorneys' fees related to defending itself against Respondents' cross-petition. (See Obj. ¶ 3.) But they assert that Section 17.2 does not entitle Forall to attorneys' fees for enforcing the Award. (See Obj. ¶¶ 4-5.)

Despite Respondents' contention, the text of Section 17.4 states that Forall is entitled to reasonable attorneys' fees and costs when it "prevails in *any suit* to enforce any provision hereof." (See License Agreement Section 17.4; see

6

also Award at 4 ("Section 17.4 stated that if Forall prevailed in any suit to enforce any provision of the License Agreement, Forall was entitled to receive its costs including reasonable attorneys' fees.").) Section 17.4 entitles Forall to attorneys' fees for enforcing the Award, "in addition to any relief or remedy granted," such as defending against Respondents' cross-petition. (License Agreement Section 17.4.)

B. INTEREST CALCULATIONS

Respondents also object to aspects of Forall's interest calculations. (See Obj. ¶ 7-11.) Preliminarily, Respondents' argue that Forall incorrectly measured the post-Award interest by using the nine percent rate under New York C.P.L.R. § 5004 through August 17, 2021. Respondents note that the Clerk of Court entered a judgment on August 13, 2021, and that any interest after August 13 is governed by 28 U.S.C. § 1961. (See Obj. ¶ 9.) This argument is moot, however, because Forall concedes that Respondents are correct. Brown's reply declaration contains a revised set of interest calculations, which use the nine percent interest rate through August 13, 2021, and the rate pursuant to 28 U.S.C. § 1961 thereafter. (See Brown Reply Decl. ¶ 29.)

The Respondents also argue that the interest calculations should not be measured from January 25, 2021 —

7

the date of the Award — but from February 25, 2021. As noted, the Petition stated that the "total of the Award is $3,109,474.77, calculated as of February 25, 2021." (Petition ¶ 55.) Forall states this was a typographical error, but the figures in the Petition were actually calculated as of January 25, 2021. (See Brown Moving Decl. ¶¶ 45-48; Brown Reply Decl. ¶¶ 19-25.)

Regardless of Forall's correction, Respondents contend that the Petition miscalculated the post-Award interest on the Principal Award. (See Obj. ¶ 7-8.) In particular, the Petition stated that Respondents owed "$16,104.62 in interest at the rate of 9% per annum on the principal amount of $2,177,100.00 [i.e., the Principal Award] from the date of this Award to the date of payment (amount to be determined at date of payment)." (See Petition ¶ 54(a)(iv).) Based on an interest rate of nine percent per annum, the per diem interest rate on the Principal Award is $536.82. Respondents note that $16,104.62 only accounts for 30 days of post-Award interest, but Forall filed the Petition 65 days after the Award. (See Obj. ¶ 8.) In the Order, the Court already approved the $16,104.62 in post-Award interest, which was set forth in the Petition. Respondents seem to argue that because the Petition did not include the full 65 days of post-Award interest, the

Court should measure any additional post-Award interest from some other date.

The Court finds that interest on the Award should be calculated as of January 25, 2021. Even though the Petition used the February 25 date, the Petition states in the prayer for relief that Forall sought "an award of interest on all applicable amounts from the date of the Award, January 25, 2021, through the date of the Judgment." (Petition ¶ 64.) Furthermore, the Award itself stated that Forall was entitled to interest on the Principal Award "from the date of this Award to the date of payment." (See Award at 24.) And the Order stated that the Proposed Order should be "in accordance with the terms set forth in the arbitration award." (See Order at 9.) The proper date from which to measure post-Award interest is January 25, 2021.

Furthermore, to the extent that Forall erred by included only 30 days of post-Award interest in the Petition, as opposed to 65 days, that error is *de minimus*. The total amount of post-Award interest on the Principal Award — at nine percent from January 25, 2021 through August 13, 2021 — amounts to $107,363.84. (See Brown Reply Decl. ¶ 29.) Forall's calculations for additional post-Award interest deducts the $16,104.62 of post-Award interest that the Court already approved in the Order. In other words, the additional post-

9

Award interest that Forall seeks at the nine percent rate is only $91,259.22. (See id.)

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that upon the application of the Forall USA, Inc. ("Forall") pursuant to the Decision and Order (Dkt. No. 30), Forall is awarded attorneys' fees and costs for the time period from December 15, 2020 through the August 17, 2021, in the amount of $54,845.50, against Respondents, for work and services performed and in accordance with the terms of the Arbitration Award; and it is further

**ORDERED** that Respondents, pursuant to the terms of the Arbitration Award, shall pay Petitioner the additional interest set forth below and incurred from the date of the arbitration award (January 25, 2021) through August 17, 2021, and that the per diem interest rates set forth in Appendix 1 below shall apply for each additional day the award is not paid, upon and until such time as the awarded amount is paid in full; and it is further

**ORDERED** that the Clerk of the Court shall enter Judgment in the total amount of $3,262,874.78, calculated as of August 17, 2021, in favor of Petitioner Forall USA, Inc., against the Respondents, Sarah, LLC, Hala Subh, Suhad Albasha, Bachar Hamad, and Amar Hamad.

**SO ORDERED.**

Dated:      April 4, 2022
            New York, New York

_____
Victor Marrero
    U.S.D.J.

11

## **APPENDIX 1**

**Date of Arbitration Award (January 25, 2021)**

| | |
|---|---:|
| Principal Award | $2,177,100.00 |
| Interest on Award through 2/12/2020 | $292,236.00 |
| Interim Interest from 2/21/20 to 1/25/2021 | $145,536.25 |
| Post-Award Interest | $16,104.62 |
| | **$2,630,976.87** |

| | |
|---|---:|
| Inventory Award | $121,384.00 |
| Interest from 1/1/2017 through Payment | $45,404.26 |
| | **$166,788.26** |

| | |
|---|---:|
| Attorneys' Fees as of 12/14/2020 | $233,767.00 |
| Court Reporter Fees | $7,633.25 |
| Expert Fees | $18,500.00 |
| AAA Costs and Fees | $51,809.39 |
| | **$311,709.64** |

| | |
|---|---:|
| Total Award and Judgment as of 8/13/2021 | **$3,109,474.77** |

**Additional Interest Calculated as of 8/17/2021**

| | |
|---|---:|
| 9% Post-Award Interest on Principal Award from 1/25/2021 to 8/17/2021 | $107,363.84 |
| Less Post-Award Interest Included Above | $(16,104.62) |
| Total Additional Interest on Principal Award through 8/13/2021 | **$91,259.22** |
| 9% Interest on Inventory Award from 1/1/2017 to 8/13/2021 | $50,432.56 |
| Less Interest included Above | $(45,404.26) |
| Total Additional Interest on Inventory Award through 8/13/2021 | **$5,028.30** |
| Additional Attorneys' Fees from 12/15/2020 to 8/17/2021 | **$54,845.50** |
| Per Diem Post-Judgment Interest | **$6.82** |

| | |
|---|---:|
| Total ward as of 8/17/2021 | **$3,260,635.04** |